**UNITED STATES of America,**
**Appellee,**

v.

**Kenneth FRANCIS, Defendant–**
**Appellant,**

Jhamel Sean Francis, Claudia Francis, Ebony Dennis, Dominik Rawle, Lennie A. Nurse, Defendants.

No. 11–3614–cr.

United States Court of Appeals, Second Circuit.

March 28, 2014.

Michael C. Barrows, Law Offices of Michael C. Barrows, New York, NY, for Appellant.

Eun Young Choi (Sarah E. McCallum, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: RALPH K. WINTER, RICHARD C. WESLEY, SUSAN L. CARNEY, Circuit Judges.

## SUMMARY ORDER

In this portion of a tandem appeal, Kenneth Francis appeals from an amended judgment of conviction entered in the United States District Court for the Southern District of New York (Holwell, *J.*) on September 6, 2011. For the following reasons, we affirm.

On December 15, 2008, Francis plead guilty to one count of access device fraud in violation of 18 U.S.C. § 1029(a)(5) and one count of conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2). Francis's conviction on these counts, which constituted aggravated felonies because the crimes resulted in losses of more than $10,000, *see* 8 U.S.C. § 1101(a)(43)(M)(i), triggered mandatory deportation under 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1228. On appeal, Francis claims that the amended judgment of conviction should be vacated because the district court failed to inform him of the immigration consequences of his plea in violation of Federal Rule of Criminal Procedure 11.

But even if this were error we would not reverse. Contrary to Francis's claim, Rule 11 violations are trial errors reviewed for harmlessness or plain error; they are not structural errors triggering automatic reversal. *See United States v. Davila,* —— U.S. ——, 133 S.Ct. 2139, 2149, 186 L.Ed.2d 139 (2013); *United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). Francis cannot show that the error affected a substantial right; Francis admittedly learned about the immigration consequences of his plea when he personally received a Notice to Appear for removal proceedings from the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), yet failed to attempt to withdraw his plea during, or prior to, his July 6, 2011 sentencing hearing. "Where a defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw his plea based on that violation, there can be no reasonable probability that, but for the Rule 11 violation, he would not have entered the plea, and the plain error standard is not met." *United States v. Vaval,* 404 F.3d 144, 152 (2d Cir.2005) (internal quotation marks omitted).

We have considered Francis's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED.**